OPINION STATEMENT OF THE CASE AND FACTS
Julian was born on July 28, 1994. At that time, appellant was sixteen years old and a student at Sharedon Highschool. At that time, appellant was a "wild teenager" who drank alcohol beverages, used illegal drugs, habitually "partied" and was not capable of carrying for a child. Appellant left home and took up residency with her boyfriend, Jeremy Steinbrook. The two lived in a small dilapidated house trailer near Thornville, Ohio. Appellant did not complete her highschool education. In early 1995, the Perry County Children Services intervened. Julian was placed with appellee, the mother of Jeremy Steinbrook. At that time, appellee believed she was the child's paternal grandmother. However, as a result of DNA testing conducted in September 1998, it was determined Jeremy Steinbrook was not the father. Therefore, appellee is not related to the minor child although she has been his primary care taker for more than four years. On October 23, 1998, appellee filed a Complaint for Allocation for Parental Rights and Responsibilities. On the same day, the trial court granted appellee's Motion for Emergency Ex Parte Temporary Custody of the child. On April 9, 1999, the matter came on for a hearing on appellee's complaint. In an April 13, 1999 Judgment Entry, the trial court specifically found appellant herein was not a suitable person to be awarded custody of the child. In support of this finding, the trial court noted appellant had been convicted of a number of criminal offenses as an adult including two DUIs, possession of drug paraphernalia, theft, receiving stolen property and a probation violation. At the time of that hearing, appellant was residing with Max Lewis, a forty-four year old married man. Mr. Lewis testified at the hearing and informed the court he never intended to marry appellant. Mr. Lewis is employed as a bartender and had a past felony conviction for trafficking in marijuana. The trial court further found appellant continued to drink alcoholic beverages despite her prior convictions of DUI and denied her alcohol problem. The trial court did not however, at that time, grant legal custody to appellee. The trial court had concerns about appellee including an appropriate physical disciplinary measurers in correcting Julian, marijuana use by appellee's live-in boyfriend, Buddy Alford, and genuine financial difficulties existing in the household. Specifically, the trial court expressed concern about of the number of pets, including lizards and cats which might pose a threat to the child. Accordingly, at that time, the trial court ordered a court investigator to conduct a home investigation of appellee's residence. Only after such a report would the trial court make a final disposition on appellee's complaint. On April 28, 1999, Jennie L. Persons, a court investigator, filed a report detailing the home investigation. On May 4, 1999, appellant's mother, Dinah Trabert, filed a Motion to Intervene and a motion granting her custody of the child. In a May 5, 1999, the trial court denied the motion to intervene because it was untimely filed and dismissed the motion for custody because it was accompanied by an affidavit as required in R.C. 3109.27(A). On May 6, 1999, Dinah filed another Motion to Intervene and another Motion for Order Granting Custody. In a May 24, 1999 Judgment Entry, the trial court summarily dismissed appellant's motion requesting temporary and permanent custody of Julian. In the same entry, the trial court approved its May 5, 1999 Judgment Entry and again denied Dinah Trabert's motion to intervene. Dinah Trabert appealed the May 5, 1999 and May 24, 1999 Judgment Entries to this Court. In an Opinion dated November 12, 1999, this Court affirmed the trial court's decision. The matter proceeded to a final dispositional hearing on May 27, 1999. In a July 26, 1999 Judgment Entry, the trial court designated appellee the residential legal custodian of the minor child. It is from this judgment entry appellant prosecutes this appeal, assigning the following as error:
 THE TRIAL COURT ERRED IN GRANTING RESIDENTIAL LEGAL CUSTODY OF JULIAN A. STEINBROOK, A MINOR, TO PATRICIA MILLER, A NON-RELATIVE, RATHER THAN HIS MOTHER, TYMARANN TRABERT.
 I
In her sole assignment of error, appellant maintains the trial court erred in granting residential legal custody to a non-relative. In a child custody proceeding between a parent and a non-parent, the hearing officer may not award custody to the non-parent without first making a finding of parental unsuitability. In Re: Perales (1977), 52 Ohio St.2d 89, at paragraph one of the syllabus. The Perales Court set forth the "parental unsuitability" test for custody disputes between a parent and a non-parent as follows:
In an R.C. Sec. 2151.23(A)(2) child custody proceeding between a parent and a nonparent, the hearing officer may not award custody to the nonparent without first making a finding of parental unsuitability — that is, without first determining that a preponderance of the evidence shows that the parent abandoned the child, that the parent contractually relinquished custody of the child, that the parent has become totally incapable of supporting or caring for the child, or that an award of custody to the parent would be detrimental to the child.
Perales, at syllabus.
The paramount right of a parent to custody can be forfeited by demonstrating unsuitability by a preponderance of the evidence. In Re: Porter (1996), 113 Ohio App.3d 580, 588, 681 N.E.2d 954. Once the paramount right to custody is forfeited, the court will look to the best interest of the child when determining custody. Id. Appellant argues the trial court could not support its findings she acquiesced in contractually relinquishing custody of her child to appellee, or that appellant was unfit and unsuitable. We disagree. We note first the test for unsuitability is set forth in the disjunctive. Accordingly, the trial court need only find one of the listed grounds. The trial court's July 26, 1999 Judgment Entry specifically found appellant was unfit and unsuitable as a parent, and it was in the best interest of the minor child appellee be designated the residential legal custodian. In so finding, the trial court fully adopted and incorporated within its entry the April 13, 1999 Judgment Entry, which set forth findings of fact supporting its conclusion appellant was unsuitable and unfit as parent. Specifically, the April 13, 1999 Judgment Entry noted appellant had permitted her child to reside with appellee for over four years, appellant had been convicted of a number of criminal offenses, and had, as late as January, 1999, been incarcerated for a probation violation. Further, the trial court detailed appellant's living conditions. Appellant was, at that time, cohabitating with an individual who had a past felony conviction for trafficking in marijuana. Further, the couples only heat in their trailer home was from kerosene heaters. We find this evidence was sufficient to support the trial court's finding appellant was an unfit and/or suitable parent by a preponderance of the evidence. Accordingly, appellant's sole assignment of error is overruled.
The July 26, 1999 Judgment Entry of the Licking County Court of Common Pleas, Probate-Juvenile Division is affirmed.
 __________________ Hoffman, J.
Gwin, P.J. and Milligan, V.J. concur